IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMADOR GARCIA, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:13-CR-252-TWT-GGB |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:15-CV-2922-TWT-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant is confined at the Adams Correctional Center in Washington, Mississippi. Movant, pro se, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 22 in 1:13-cr-252-TWT-GGB.)

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. I have examined Movant's § 2255 motion and the record in this case and find it plainly apparent that Movant is not entitled to relief because his motion is untimely.

AO 72A
(Rev.8/82)

On August 16, 2013, Movant pled guilty to unlawfully reentering the United States after being deported.  (Docs. 1, 16-1.)  On November 12, 2013, the Court entered a judgment sentencing Movant to fifty-two months' imprisonment, three years of supervised release, and a special assessment.  (Doc. 20.)  Movant did not appeal the judgment.

Movant placed his § 2255 motion in the prison mail system on August 13, 2015 for delivery to the Court.  (Doc. 22 at 6.)  The motion is deemed filed on that date.  *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001) (noting that prisoners proceeding pro se are deemed to have filed documents in federal court on the date documents are given to prison officials for mailing).

Movant alleges in his § 2255 motion that the Court should have imposed a shorter prison sentence.  (Doc. 22.)  Movant contends that several factors supporting a lower sentence "were not addressed by defense council and hence [were] not considered by the Court." (*Id.* at 2.)  Movant asks the Court to reduce his sentence to time served.  (*Id.*)

A one-year statute of limitations applies to a § 2255 motion.  28 U.S.C. § 2255(f).  The limitations period starts on the date on which the judgment of conviction becomes final unless other circumstances, which are not present here,

2

exist. *Id.*

A judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). In this case, Movant had fourteen days from the date the Court entered judgment, or until November 26, 2013, to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A); (Doc. 20.) Movant did not file an appeal, so his judgment of conviction became final, and § 2255's one-year statute of limitations commenced, on November 26, 2013. The limitations period ended on November 26, 2014.[1]

Movant filed his § 2255 motion on August 13, 2015, almost nine months after the statute of limitations expired. (Doc. 22 at 6.) The motion is thus untimely.

A federal court cannot consider the merits of an untimely § 2255 motion unless the movant establishes that he is actually innocent of the crime for which he was convicted or that the limitations period should be equitably tolled. *United*

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

*States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The actual innocence exception is exceedingly narrow in scope, and the [movant] must demonstrate that he is factually innocent rather than legally innocent." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (quotation marks omitted). The limitations period may be equitably tolled only if the movant demonstrates that his delay in filing his § 2255 motion resulted from extraordinary circumstances outside his control and that he exercised reasonable diligence in pursuing his rights. *Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565 (2010). Movant does not contend, and the record does not support, that either limited exception to untimely § 2255 motions applies here.

Accordingly, I **RECOMMEND** that Movant's untimely motion challenging his sentence under 28 U.S.C. § 2255 [22] be **DISMISSED** under Rule 4 of the § 2255 Rules and that civil action number 1:15-cv-2922-TWT-GGB be **DISMISSED**. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006) (holding that district courts may sua sponte dismiss habeas petitions after affording the parties fair notice).[2] I **FURTHER RECOMMEND** that Movant be **DENIED** a certificate

---

[2] This Report and Recommendation provides such notice.

of appealability because it is not reasonably debatable that his § 2255 motion is untimely.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

    **SO RECOMMENDED** this 26th day of August, 2015.

                                            /s/ Gerrilyn G. Brill
                                            GERRILYN G. BRILL
                                            UNITED STATES MAGISTRATE JUDGE